United States District Court
Southern District of Texas
**ENTERED**
April 01, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | ACTION NO. 2:22-MJ-00359-001 |
| | § | |
| RICHARD GARZA | § | |

## MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL

A detention hearing was held today in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f).  The Court entertained oral argument from the Government and counsel for Defendant Richard Garza.  Defendant is charged pursuant to 21 U.S.C. § 841 for conspiracy to possess a controlled substance with intent to distribute.  This offense is a "presumption" offense, *see* 21 U.S.C. § 841(b)(1)(A), and as such, the following requires detention of Defendant pending trial:

(1)     There is probable cause to believe Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841(b)(1)(A); and

(2)     Defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community.  *See* 18 U.S.C. § 3142(e)(3)(A).

In addition to finding probable cause in this case, Defendant has failed to rebut the presumption that he remain detained pending trial.  The Court adopts the factual findings contained in the pretrial services report.  The Court finds that Defendant poses a

significant risk of nonappearance in this case.  Defendant has significant ties to a foreign country, as evidenced by the fact he owns property in Mexico and has traveled there as recently as a month before his arrest in the instant offense.  Defendant resides in the Rio Grande Valley, a location in close proximity to the international border, and appears to possess resources sufficient to enable his unauthorized departure from the United States to escape prosecution.  These facts signal a risk of Defendant absconding to Mexico or elsewhere in the United States.

The Court also finds by at least clear and convincing evidence that Defendant's release on bond would pose a significant risk of danger to the community.  Defendant has been charged in the instant offense with a serious crime that carries a minimum of ten years' imprisonment.  Additionally, Defendant has an extensive criminal history, and, although most of this criminal activity occurred in the more distant past, Defendant was convicted in 2016 in this district for transporting undocumented aliens, a crime for which he received a significant prison sentence.

For these reasons, the Court finds that Defendant is a poor candidate for bond, and that Defendant has not rebutted the presumption that no condition or set of conditions would adequately assure Defendant's presence at trial and adequately assure the safety of any other person or the community.

Defendant is committed to the custody of the United States Marshal or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody

pending appeal.  Defendant shall be afforded a reasonable opportunity for private

consultation with defense counsel.  On order of a court of the United States or on

request of an attorney for the Government, the person in charge of the corrections

facility shall deliver Defendant to the United States Marshal for the purpose of an

appearance in connection with a court proceeding.

      SIGNED on April 1, 2022.

                                    MITCHEL NEUROCK
                                    United States Magistrate Judge